## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Justin Bradley Roehning,

                Plaintiff,

v.

United States of America,
Federal Bureau of Investigation,
Todd Blanche,
Kash Patel,
John Does 1-24,

                Defendants.

Civil No. 26-cv-2228 (PJS/DJF)

**ORDER**

This matter is before the Court in response to Plaintiff's letter requesting a hearing date for a motion "to compel the Rule 26(f) conference, the Rule 26(f) discovery, and to the extent not disclosed already, expedited discovery of all John Doe identity information so that Plaintiff can serve them and amend the complaint, to prohibit any motion to dismiss before the John Does have been added, and for attorney's fees and sanctions." (ECF No. 9.)  The Court directed that such a letter be filed to clarify Plaintiff's request because portions of his anticipated motion appeared to be contrary to the Court's procedures.[1]

The Complaint in this action was filed on April 13, 2026 (ECF No. 1), Defendants were served by mail on April 22, 2026 (ECF No. 6), and Defendants did not enter an appearance in this action until May 8, 2026 (ECF No. 8).  Because Defendants are agencies and officers of the United States, they have 60 days from the date of service to answer or otherwise respond to the Complaint.

---

[1] Plaintiff's counsel called the undersigned Magistrate Judge's chambers on June 4, 2026 demanding a hearing date.  During that call, counsel was argumentative, belligerent and unprofessional with chambers staff.  The Court hereby warns counsel that any future failure to treat chambers staff with decorum and respect may result in sanctions against counsel.

Fed. R. Civ. P. 12(a).  That 60-day period has not yet elapsed, and Defendants have not yet answered or responded to the Complaint.  Nevertheless, Plaintiff demands that full discovery must commence immediately.

To the extent Plaintiff demands an immediate Rule 26(f) conference and discovery, his request is plainly premature.  *See* Fed. R. Civ. P. 26(d)(1); Fed. R. Civ. P. 16(b)(2).  The Court has not entered an order directing the parties to meet pursuant to Rule 26(f) because no defendant has answered.  The Court finds that ordering a Rule 26(f) conference at this time would be impracticable and would undermine the intent of Rule 12(a) to permit federal government agencies extra time to answer or respond, and furthermore, a scheduling order is not yet required pursuant to Federal Rule of Civil Procedure 16.  Moreover, though the Court finds no basis in the Rules to enter a pretrial scheduling order immediately, for avoidance of doubt, the Court hereby finds good cause to delay the entry of a pretrial scheduling order pursuant to Fed. R. Civ. P. 16(b)(2) until *after* the four identified Defendants have answered or otherwise responded to the Complaint, the parties have thereafter met and conferred pursuant to Rule 26(f), a joint Rule 26(f) report has been submitted, and a pretrial scheduling conference has taken place.[2]  Because this Order resolves these issues and the Court finds additional briefing would be unnecessary and wasteful, motion practice on these issues is unwarranted and the Court will not schedule a motion hearing to address them.

Expedited discovery may be warranted in certain cases, however, including cases naming unidentified "John Doe" defendants.  *See, e.g., Minnetonka Moccasin Co., Inc. v. Does*, Civ. No. 22-87 (PJS/TNL), 2022 WL 1055746, at *2 (D. Minn. Apr. 8, 2022) (citing *Strike 3 Holdings, LLC v. Doe*, No. 18-cv-778 (PJS/HB), 2018 WL 2278111, at *3 (D. Minn. May 18, 2018)).  Although the

---

[2] To the extent Defendants seek to further delay discovery until after any motion to dismiss is decided, they should file a motion to stay discovery pending the resolution of that motion when they file the motion to dismiss.

Eighth Circuit has not articulated a standard governing when expedited discovery is appropriate, courts in this district typically apply a "good cause standard." *Council on Am.-Islamic Rels.— Minnesota* ("CAIR") *v. Atlas Aegis, LLC*, 497 F. Supp. 3d 371, 380 (D. Minn. 2020). To show "good cause," the party seeking expedited discovery must establish that the need for expedited discovery outweighs any prejudice to the responding party. *See Let Them Play MN v. Walz,* 517 F. Supp. 3d 870, 889 (D. Minn. 2021); *CAIR*, 497 F. Supp. 3d at 380. Courts weigh a variety of factors in evaluating whether a requesting party has made such a showing, including: "(1) whether a preliminary injunction is pending; (2) the breadth of discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Let Them Play MN*, 517 F. Supp. 3d at 889; *CAIR*, 497 F. Supp. 3d at 380.

Plaintiff seeks to file a motion for expedited discovery regarding the identities of the 24 unidentified John Doe defendants named in his Complaint. The Court will permit Plaintiff to file such a motion with a notice of hearing indicating that the motion will be heard at a date and time "to be determined." The Court will decide whether to resolve the motion on the papers or schedule a hearing on the motion after reviewing the parties' briefs.

Finally, the Court will not schedule a hearing to address Plaintiff's demands for fees and sanctions or an order prohibiting Defendants from filing a motion to dismiss the Complaint before the John Doe defendants' identities have been added, because these demands are frivolous. Plaintiff's letter does not even hint at any sanctionable conduct on the part of Defendants. Moreover, Rule 12 of the Federal Rules of Civil Procedure plainly permits Defendants to respond to the Complaint with a Motion to Dismiss and establishes the deadline by which they must do so. If Plaintiff believes dismissal is unwarranted because any John Doe defendants have not yet appeared,

he may argue that position in his opposition to any such motion.

**ORDER**

1.  Pursuant to Fed. R. Civ. P. 16(b)(2), the Court finds good cause to delay the entry of a pretrial scheduling order until after the four identified Defendants have answered or otherwise responded to the Complaint, the parties have met and conferred pursuant to Rule 26(f), a joint Rule 26(f) report has been submitted, and a pretrial scheduling conference has taken place.

2.  Plaintiff may file a motion for expedited discovery of John Doe defendant identity information with a Notice of Hearing indicating the hearing will take place at a date and time "to be determined."

3.  The requests set forth in Plaintiff's letter (ECF No. 9) are otherwise DENIED.

Dated:  June 5, 2026                              *s/ Dulce J. Foster*
                                                  DULCE J. FOSTER
                                                  United States Magistrate Judge