UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Justin Bradley Roehning,

                Plaintiff,

v.

United States of America,
Federal Bureau of Investigation,
Todd Blanche,
Kash Patel,
John Does 1-24,

                Defendants.

Civil No. 26-cv-2228 (PJS/DJF)

**ORDER**

This matter is before the Court on Defendants' Motion to Stay Discovery (ECF No. 28), Plaintiff's Motion for Expedited Discovery (ECF No. 34), and Plaintiff's Motion for Extension of Time to Serve Defendants (ECF No. 41).

The United States of America, the Federal Bureau of Investigation ("FBI"), Acting Attorney General Todd Blanche and FBI Director Kash Patel (the "Named Defendants"), each sued in their official capacities (*see* ECF No. 40 at 3), filed their Motion to Stay Discovery on June 22, 2026 seeking a stay of discovery pending resolution of their Motion to Dismiss (ECF No. 11). Plaintiff filed his First Amended Complaint the next day, on June 23, 2026 (ECF No. 40). The Named Defendants brought a Motion to Dismiss the First Amended Complaint on July 7, 2026 (ECF No. 52). Because the Motion to Dismiss the First Amended Complaint supersedes the original Motion to Dismiss (*see* ECF No. 53 at 1 n.1), the Court construes the Motion to Stay as a motion seeking to stay discovery pending resolution of the Named Defendants' second dismissal motion. (*See* ECF No. 52; ECF No. 53 at 1 n.1.) In the meantime, Plaintiff filed his Motion for Expedited Discovery on June 22, 2026 (ECF No. 35). The Court considers these motions together because they present

1

two opposing sides of what is, essentially, the same coin.

The parties' dispute centers around whether Plaintiff should be permitted to obtain immediate discovery of the identities of the 24 "John Doe" FBI and ATF agents sued in his First Amended Complaint. Named Defendants argue for a stay of all discovery until their motion to dismiss is resolved, and oppose Plaintiff's motion for expedited discovery, on the ground that the First Amended Complaint fails to assert actionable claims against any Defendant (named or unnamed). Named Defendants contend that answering Plaintiff's discovery requests would be disproportionately burdensome because it would facilitate the advancement of meritless claims against dozens of agency employees. They further state that Plaintiff's proposed discovery requests seek much more than just the identities of the John Doe Defendants, requiring significant expense and intruding on their privacy interests. (*See* ECF No. 46 at 4, stating that Plaintiff's requests seek not only the identities of employees involved in denying him authorization to purchase a firearm, but also, "what records did they rely upon in issuing a denial" and each person's "address, telephone number, date of birth, email, employer name and title, employer address, [and] address for service of process.")

Plaintiff opposes the Named Defendants' motion to stay and seeks expedited discovery, largely on the basis that he will be greatly prejudiced if the District Judge grants their dismissal motion without first providing an opportunity to identify the John Does whom, unlike the Named Defendants, he sues for damages in their individual capacities. Plaintiff argues that if that happens and he appeals, the statute of limitations will likely run before his appeal is decided, such that he will be unfairly barred from bringing his claim for damages against the John Does if he eventually wins his appeal. (*See* ECF No. 50 at 7.) Finally, Plaintiff characterizes his discovery requests as limited, non-burdensome, and non-prejudicial to the Named Defendants.

Given the procedural posture of this case, the Court applies the standard applicable to motions to stay discovery pending the determination of dismissal motions.[1] The Court has broad discretion to stay discovery, in whole or in part, while the Named Defendants' dismissal motion is pending. *See In re Port Antitrust Litigation*, Case No. 18-cv-1776 (JRT/HB), 2019 WL 480518, *3 (D. Minn. Feb. 7, 2019). In evaluating a motion to stay discovery pending resolution of a motion to dismiss, the Court considers "the merits of the motion, the scope of the discovery, the potential harm to the plaintiff if discovery is delayed, the potential hardship or injustice to the defendant if discovery proceeds, and the resources of the parties and the Court." *Id*.

Upon considering these factors, the Court concludes that a stay of discovery until the District Judge resolves the pending motion to dismiss is warranted. First the Court has taken a "quick peek" at the dismissal motion and concludes there is a significant likelihood it will be granted.[2] Plaintiff's First Amended Complaint seeks to bring a *Bivens* action[3] under the Second Amendment for attorneys' fees and other alleged monetary damages arising from the erroneous denial of his right to purchase a firearm. (*See* ECF No. 40.) Named Defendants do not contest that the denial was erroneous, but they note the error was eventually corrected and argue that no *Bivens* action exists for violations of the Second Amendment. (*See* ECF No. 53 at 9-12.)

The Court agrees. *See, e.g., Olson v. Cass County Sheriff*, Case No. 3:23-cv-179, 2024 WL 6860002, at *8-10 (D.N.D. Jan. 30, 2024) (collecting cases and concluding, "Federal district courts

---

[1] Expedited discovery is generally disfavored, and the heavier burden to prove such discovery is warranted must be carried by the requesting party. *See e.g.*, *See Let Them Play MN v. Walz*, 517 F. Supp. 3d 870, 889 (D. Minn. 2021) (applying a "good cause" standard and stating that expedited discovery is appropriate only "in limited circumstances and for limited rationales.") Because the Court does not find good cause to expedite discovery under that standard, it reaches the same result under either standard of review.

[2] This finding is merely predictive and should not be construed as affecting, in any way, the District Judge's determination of the merits of that motion.

[3] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 503 U.S. 388

across the nation have …hesitated to extend *Bivens* to claims of Second Amendment violations.").

Moreover, this rationale applies not only to the Named Defendants but also militates in favor of

dismissing the unnamed John Does as well. *See Jackson v. Focus Features LLC*, No. 4:24-cv-

01194-SEP, 2025 WL 1706717, at *3 (E.D. Mo. June 18, 2025) (quoting *Silverton v. Dep't of*

*Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("Given the unserved and unresponsive Defendants

are in substantially the same position as all other Defendants, and the motions to dismiss before the

Court are sufficient such that all of Plaintiff's claims may be dismissed based on those motions, the

Court will include the unserved and unresponsive Defendants in the discussion of the motions to

dismiss … and *sua sponte* dismiss Plaintiff's claims against them ….")); *Smithrud v. City of St. Paul*,

746 F.3d 391, 396 n.3 (8th Cir. 2014) (holding district court may *sua sponte* dismiss a case pursuant

to Rule 12(b)(6)). Indeed, Plaintiff himself appears to concede his claims will not survive the

pending motion. (*See* ECF No. 50 at 1, "Time is of the essence for this case. … It is obvious that

Plaintiff needs discovery, and that absent discovery, such decision is likely to annihilate Mr.

Roehning's case."; *id.* at 7, 12, anticipating dismissal and arguing he must identify the John Doe

Defendants now to prevent his claims against them from being barred under the statute of limitations

during appeals.) Given that even Plaintiff expects the dismissal motion will be granted as to all

Defendants, this factor weighs heavily in favor of granting a stay.

Next, the scope of discovery does not weigh significantly in favor of either party. The Court

agrees with the Named Defendants that Plaintiff's discovery requests exceed the bounds of what is

strictly necessary to identify the John Doe Defendants, but the Court would not hesitate to narrow

the requests if discovery pending resolution of the pending dismissal motion was otherwise

warranted. Because any overbreadth concerns can be corrected, this factor does not materially

---

(1971).

influence the Court's analysis.

Plaintiff's principal argument is that he will be greatly prejudiced by the potential preclusion of his claims under the statute of limitations if he does not identify the Joe Doe Defendants now. The Court is not persuaded by this argument for two reasons. First, the likely delay caused by a stay while the dismissal motion is under consideration is unlikely to exceed a period of a few months. (*See* ECF No. 57, noticing a hearing date of September 4, 2026 on the motion to dismiss.) Thus, the timing issue here is a matter of months, not years as Plaintiff suggests. Insofar as Plaintiff is concerned that a dismissal of the John Doe Defendants before they are served would unfairly preclude monetary relief following any successful appeals, he may argue that point in his opposition to the motion to dismiss or, alternatively, seek an order for equitable tolling of the statute of limitations with respect to those claims if an appeal should succeed. Second, Plaintiff himself bears responsibility for the lengthy passage of time between the point when his claims allegedly accrued and the present. The District Judge dismissed the underlying lawsuit from which Plaintiff's claims originate on March 28, 2023, *see Roehning v. United States*, 22-cv-823 (PJS/TNL), 22-cv-823 (D. Minn. March 28, 2023), but Plaintiff failed to initiate this lawsuit until April 13, 2026 (*see* ECF No.1). That Plaintiff sat on his potential claims for a period of over three years after they accrued does not create a sudden emergency for discovery now.

Finally, the potential hardship to the Defendants and waste of the parties' and the Court's resources if discovery proceeds strongly favor a stay. Plaintiff's stated goal in insisting on discovery at this early stage is to add claims against 24 additional federal agents that, as previously discussed, are likely to be dismissed because the claims asserted have not been recognized by federal courts. The effort expended on such discovery, even if limited, is likely to be significant and wholly unnecessary.

On balance, the most efficient and equitable approach is to grant Named Defendants' motion and let the District Judge decide whether to dismiss all or only a portion of Plaintiff's claims before any discovery is allowed to proceed.  For these reasons, the Court grants Defendants' Motion to Stay Discovery (ECF No. 28) and denies Plaintiff's Motion for Expedited Discovery (ECF No. 34).

Finally, the Court considers Plaintiff's Motion for Extension of Time to Serve Defendants. (ECF No. 41.)  Plaintiff seeks a nine-month extension of the 90-day deadline to serve his First Amended Complaint on the John Doe Defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  Plaintiff notes that he is unable to serve the John Doe Defendants because they have not yet been identified.  The Court finds good cause to grant Plaintiff's motion in part.  Instead of extending the deadline by nine months, however, the Court will stay Plaintiff's deadline to serve the John Doe Defendants until after the pending motion to dismiss is decided and, if this action is not otherwise dismissed, a Pretrial Scheduling Conference takes place.  The Court will reset the service deadline for the John Doe Defendants at that time.

### ORDER

Based on the foregoing, and on all the files, records and proceedings herein:

1. Defendants' Motion to Stay Discovery (ECF No. 28) is **GRANTED**;

2. Plaintiff's Motion for Expedited Discovery (ECF No. 34) is **DENIED**;

3. Plaintiff's Motion for Extension of Time to Serve Defendants (ECF No. 41) is **GRANTED IN PART** and **DENIED IN PART**; and

4. The deadline for Plaintiff to serve his First Amended Complaint on the "John Doe" Defendants is **STAYED** pending the Pretrial Scheduling Conference, to be scheduled following resolution of Defendants' Motion to Dismiss the First Amended Complaint.

Dated: July 9, 2026                       *s/ Dulce J. Foster*
                                          DULCE J. FOSTER
                                          United States Magistrate Judge